# Exhibit 3

# RESUME

**LINDA M. DARDARIAN**
Goldstein, Borgen, Dardarian & Ho
155 Grand Avenue, Suite 900
Oakland, CA 94612
(510) 763-9800 (phone)
(510) 835-1417 (fax)
ldardarian@gbdhlegal.com

## EDUCATION

**Berkeley Law (formerly University of California, Berkeley, Boalt Hall School of Law),** J.D., 1987.
**Activities:**  Notes & Comments Editor, <u>Berkeley Women's Law Journal</u>, 1985-87; Summer Grants Administrator, Berkeley Law Foundation, 1986-87.

**California State University, Chico,** B.A., Political Science and American History, 1983, *magna cum laude* and with highest honors.

## PROFESSIONAL EXPERIENCE

**Goldstein, Borgen, Dardarian & Ho** (formerly Saperstein, Goldstein, Demchak & Baller), Oakland, CA
  January 1998 to present – Partner
  September 1991 to December 1997 – Associate.

**Duane, Lyman & Seltzer**, Berkeley, CA, June 1988 to September 1991 – Associate, specializing in law and motion practice in state and federal courts.

**Carroll, Burdick & McDonough**, San Francisco, CA, September 1987 to June 1988 - Associate, specializing in law and motion and appellate work.

## BAR MEMBERSHIPS

Bar of the State of California (1987), United States Supreme Court (1992), United States District Courts for the Northern, Central and Eastern Districts of California; United States Court of Appeals for the Ninth Circuit.

Member – American Bar Association, Bar Association of Alameda County, Disability Rights Bar Association.

## AWARDS AND HONORS

Appointed to the Mediation Panel of the United States District Court for the Northern District of California, November 2019.

"The Best Lawyers in America," Litigation: Labor & Employment, recognized each year from 2010 to the present.

Law & Politics Magazine, Northern California Super Lawyer award, received each year from 2005 through the present.

Law Dragon, Top 500 Employment Lawyers, nationally, each year from August 2018 to the present.

2021 Elite Trial Lawyers Award Finalist, National Law Journal, for work in Disability Rights, May 2021.

Public Justice 2021 Trial Lawyer of the Year Award Nominee, in recognition of work in *Nevarez v. Forty Niners Football Co., et al.*, March 2021.

Public Justice 2017 Trial Lawyer of the Year Award Finalist, in recognition of work in *Willits v. City of Los Angeles*, June 2017.

Disability Leadership Award, World Institute on Disability, awarded October 2015.

California Lawyer Magazine, California Lawyer Attorney of the Year ("CLAY Award") for extraordinary achievement in Disability Rights, awarded 2014; noted for extraordinary achievement in Disability Rights, December 2000.

Law & Politics Magazine, The Top 50 Women, Northern California Super Lawyers award, August 2009.

2007 Achievement Award, American Council of the Blind, for excellence in representing blind and visually impaired persons in obtaining access to technology.

2008 Access Award, American Foundation for the Blind, for representing blind and visually impaired persons in obtaining independent access to information through talking ATMs, tactile point of sale machines, alternative formats for printed materials, and accessible pedestrian signals.

Legal Aid At Work (formerly Legal Aid Society of San Francisco – Employment Law Center), June 1999 to present – member, Board of Directors.

Disability Rights Advocates, October 2007 to February 2020 – member, Board of Directors; Chair of Board of Directors, March 2015 to March 2018; Advisory Committee member – March 2020 to present.

World Institute on Disability, January 2008 to December 2015 – member, Board of Directors.

Disability Rights Bar Association, January 2013 to January 2021 – member, Executive Committee; Vice Chair of Executive Committee, June 2015 to January 2021.

**PUBLICATIONS AND LECTURES**

Executive Co-Editor, Lindemann & Grossman, *Employment Discrimination Law*, 2008 Supplement (BNA) (4th Ed.);

Executive Co-Editor, Lindemann & Grossman, *Employment Discrimination Law* (BNA) (4th Ed. 2007);

2

Executive Co-Editor, Lindemann & Grossman, *Employment Discrimination Law*, 2002 Supplement (BNA) (3d Ed. 2002);

Co-author, Discovery Chapter, Lindemann & Grossman, *Employment Discrimination Law,* 1998 and 2000 Supplements (BNA) (3d Ed.);

Co-author, Attorneys' Fees Chapter, *Wrongful Employment Termination Practice* (CEB) (2nd Ed. 1997);

Co-author, Discovery Chapter, Lindemann & Grossman, *Employment Discrimination Law* (BNA) (3d Ed. 1996);

Presenter, *The Americans with Disabilities Act Turns 30 – How Have Class Actions Fared?*, Impact Fund Class Action Conference, February 21, 2020;

Presenter, *Ethical Considerations in Representing Clients with Disabilities*, Disability Rights Bar Association Annual Conference, March 24, 2019;

Presenter, *Doctors without Barriers:  Achieving Accessible Health Care*, 2018 Jacobus tenBroek Disability Law Symposium, March 22, 2018;

Presenter, *Structured Negotiation:  A Winning Alternative to Lawsuits*, American Bar Association Dispute Resolution section meeting, March 29, 2017;

Presenter, *Digital Accessibility Legal Update*, California State University, Northridge Center on Disabilities' 32nd Annual Assistive Technology Conference, March 1 & 2, 2017;

Presenter, *War and Peace – The Saga of Willits v. City of Los Angeles, a Class Action Battled on Four Fronts with Historic Results*, Disability Rights Bar Association Annual Conference, April 1, 2016;

Presenter, *Digital Accessibility Annual Legal Update*, California State University, Northridge Center on Disabilities' 31st Annual International Technology and Persons with Disabilities Conference, March 23, 2016;

Presenter, *Litigation Strategy in Disability Rights Actions*, Disability Rights Bar Association Annual Conference, April 2014;

Presenter, *Digital Accessibility Annual Legal Update*, California State University, Northridge Center on Disabilities' 29th Annual International Technology and Persons with Disabilities Conference, March 2014;

Presenter, *Structured Negotiations, A Winning Strategy for Technology and Information Access*, 2014 Impact Fund Class Action Conference, February 2014;

Presenter, *Digital Accessibility: 2013 Legal Update*, and *Structured Negotiations: A Winning Strategy for Technology and Information Access,* California State University, Northridge, Center on Disabilities' Annual International Technology and Persons with Disabilities Conference, March 2013;

607774.20

Presenter, *Disability Rights Class Actions after Dukes v. Walmart*, Disability Rights Bar Association Annual Conference, April 2012;

Presenter, *Web Accessibility: the Role of Law*, California State University, Northridge, Center on Disabilities' Annual International Technology and Persons with Disabilities Conference, March 2012;

Lecturer, *Web Accessibility Under the ADA*, Law Seminars International, January 2012;

Lecturer, *Retainer Agreements and Attorney's Fees Recovery*, Berkeley Law, October 2010;

Instructor, *Trial Advocacy Workshop*, Stanford Law School, September 2010;

Lecturer, *New ADA Regulations for Public Accommodations*, Law Seminars International, September 2010 & June 2011;

Trainer, *Effective Direct Examination Skills*, Disability Rights California 2008 All Staff Training, September 2008;

Lecturer, *How to Assist Our Clients and Still Get Paid, a Re-Examination*, California Applicants' Attorneys Association Annual Convention, June 2007;

Lecturer, *Subjective Decision-making: Proper or Problematic?,* American Bar Association EEO Committee Mid-winter Meeting, March 2006;

Lecturer, *Of Course My Opinion Matters—I'm an Expert!,* American Bar Association Annual Meeting, Section of Labor & Employment Law, August 2005;

Lecturer, *Curveballs in EEO Litigation*, American Bar Association EEO Committee Mid-winter Meeting, April 2005;

Lecturer/Instructor, *Techniques for Effective Taking and Defending Depositions*, Bar Association of San Francisco Litigation Section Skills Seminar, February 2004;

Lecturer, *Attorney's Fees*, Impact Fund Title VII Class Action Conference, January 2004;

Lecturer, *The Year in Review:  Update of the Most Significant Fair Employment Cases,* Law Education Institute National CLE Conference, January 2004;

Lecturer, *How to Really Use Rule 30(b)(6) Depositions,* National Employment Lawyers Association Annual Convention, June 1999;

Lecturer, *Litigating Under Business & Professions Code § 17200*, California Employment Lawyers Association Chapter Meeting, May 1999;

Lecturer, *Attorney's Fees Litigation After <u>Dague</u>*, National Employment Lawyers Association Annual Convention, June 1993.

**SIGNIFICANT LITIGATION EXPERIENCE AND NEGOTIATED SETTLEMENTS**

4

607774.20

Since 1995, Ms. Dardarian has represented the American Council of the Blind, its various state affiliates, the American Foundation for the Blind, and many individuals nationwide, negotiating more than 50 non-litigated, groundbreaking settlements with some of the country's largest corporations to ensure that their information and services nationwide are accessible to and usable by individuals who are blind or have low vision.  Highlights include:

Settlement agreements with Bank of America, Wells Fargo, Bank One/Chase, Citibank, American Express, Equifax, TransUnion and Experian, E*Trade, and other financial institutions to ensure that blind and low vision consumers have independent access to automated teller machines, and systemic access to websites, mobile applications, and printed materials including bank statements, mortgage information, and credit file disclosures.

Settlement agreements with national retail and mail-order pharmacies, including Wal-Mart, Caremark, CVS/pharmacy, Humana, Rite Aid, and Walgreens to establish nationwide programs to provide talking pill bottles and alternative formats nationwide to their pharmacy customers who are blind or have low vision.

Settlement agreements with some of the nation's largest retailers, including Wal-Mart, CVS, Rite Aid, Target, RadioShack, 7-Eleven, and Trader Joe's, to make their point of sale machines and websites accessible to blind consumers nationwide.

Settlement agreements with Major League Baseball to ensure access to MLB.com and all 30 club websites for blind baseball fans; with Weight Watchers to ensure that its online programs and weekly meeting printed materials are accessible to members who are blind or visually impaired; and with Cinemark Theatres to ensure that blind patrons have access to audio description of movie visual images.

Ms. Dardarian has also negotiated a systemic settlement agreement with Kaiser Permanente to ensure that its blind and low vision patients throughout California have access to patient care information and services through the provision of talking pill bottles; braille, large print, audio, and other alternative formats for patient specific and general medical forms and documents; accessible websites, information and check-in kiosks, and mobile applications; training staff on provision of services to patients; and removal of architectural barriers affecting blind patients.

Ms. Dardarian's significant litigation experience includes the following:

Nevarez, et al. v. Forty Niners Football Co., et al., No. 16-CV-07013-LHK (N.D. Cal.) (certified class action under the Americans with Disabilities Act and California's Unruh Civil Rights Act for injunctive relief and damages resulting from defendants' failure to build Levi's Stadium in compliance with disability access standards, resulting in a comprehensive settlement agreement requiring extensive, systemic barrier removal in the Stadium and its related parking lot and pedestrian right of way, policy changes to ensure that people with mobility disabilities may fully and fairly obtain accessible seating, and establishing a damages fund of $24 million, the largest ever in a disability access class action against a place of public accommodation); see 326 F.R.D. 562 (N.D. Cal. 2018).

Willits, et al. v. City of Los Angeles, No. CV-10-5782 CBM RZX (C.D. Cal.) (certified class action on behalf of all persons with mobility disabilities who have been denied access to pedestrian rights of way in the City of Los Angeles as a result of defendant's failure to provide and maintain

accessible sidewalks and curb ramps throughout the City, resulting in a settlement valued in excess of $1.4 billion); see 925 F. Supp. 2d 1089 (C.D. Cal. 2013).

Lashbrook v. City of San Jose, No. CV-20-01236-NC (N.D. Cal) (certified class action settlement on behalf of persons with mobility disabilities, requiring the City of San Jose to spend in excess of $130 million on curb ramp construction and remediation over the course of a 12-year consent decree, which will result in the construction or remediation of nearly 2,000 curb ramps per year during the first ten years of the settlement; the presiding judge praised the settlement as "remarkable" and "a service to the community.").

Reynoldson, et al. v. City of Seattle, No. CV-15-01608 MJP (W.D. Wash.) (certified class action on behalf of all persons with mobility disabilities who have been denied access to pedestrian rights of way in the City of Seattle as a result of defendant's failure to provide and maintain accessible curb ramps throughout the City's pedestrian right of way, resulting in a settlement valued at approximately $300 million).

Bazerman, et al. v. American Airlines, No. CV-17-11297-WGY (D. Mass.) (certified class action on behalf of American Airlines passengers who were charged to check bags that should have been free under governing contracts, resulting in an $11 million class settlement that provided full refunds plus interest or a 75% refund of incorrectly charged checked bag fees, depending on the nature of the claim, to approximately 191,025 class members; in approving the settlement, Judge William G. Young praised GBDH's work as "exemplary.").

Hines, et al. v. City of Portland, No. CV-18-00869-HZ (D. Or.) (certified class action on behalf of Portland's residents and visitors with mobility disabilities who have been denied full and equal access to the City's sidewalks and crosswalks due to the lack of legally-compliant curb ramps, resulting in a settlement valued at approximately $113 million; final approval granted in September 2018).

Munguia-Brown, et al. v. Equity Residential, et al., No. CV 16-01225-JSW-TSH (N.D. Cal.) (certified class action on behalf of tenants of Equity Residential properties in California who have been charged one or more late fees of $50 or 5% of their monthly rental amount for late payment of rent, challenging the late fee as violating California Civil Code section 1671(d)); see 2017 WL 4838822 (N.D. Cal. Oct. 23, 2017) (class certification order); 337 F.R.D. 509 (N.D. Cal. Feb. 18, 2021) (discovery order finding that defendants waived attorney work product protection); 2020 WL 6130887 (N.D. Cal. Oct. 19, 2020) (discovery order finding that defendants waived attorney-client privilege); 2019 WL 3779523 (N.D. Cal. Aug. 12, 2019) (order granting in part plaintiffs' motion for summary judgment).

Balero, et al. v. Lumber Liquidators, No. CV 15-01005 JST (N.D. Cal.) (class action on behalf of California consumers who purchased laminate wood flooring products manufactured in China and sold by Lumber Liquidators, which Lumber Liquidators falsely advertised as compliant with California formaldehyde emission limits).

Ochoa, et al. v. City of Long Beach, CV 14-04307 DSF FFM (C.D. Cal.) (certified class action on behalf of persons with mobility disabilities who have been denied access to pedestrian rights of way in the City of Long Beach as a result of defendant's failure to provide and maintain accessible sidewalks and curb ramps throughout the City's pedestrian right of way, resulting in a settlement valued at approximately $200 million).

607774.20

Greater Los Angeles Agency on Deafness, Inc., et al. v. Cable News Network, Inc., No. CV-11-3458 LB (N.D. Cal.) (class action on behalf of all persons in California who are deaf or hard of hearing and have been denied access to video content on CNN.com because of CNN's failure to provide captioning); see 2012 WL 99647 (N.D. Cal. Mar. 23, 2012), 742 F.3d 414 (9th Cir. 2014).

Bautista-Perez, et al. v. Holder, et al., No. C 07-4192 TEH (N.D. Cal.) (certified class action on behalf of 400,000 immigrants from El Salvador, Nicaragua and Honduras who have been overcharged by the US Government to re-register for Temporary Protected Status); see 2009 WL 2031759 (N.D. Cal. July 9, 2009), 2009 WL 1202261 (N.D. Cal. May 1, 2009).

Center for Self-Improvement and Community Development v. Lennar Corporation, et al., No. CGC07-465738 (San Francisco County Superior Court) (Proposition 65 citizen suit and tort claims against Lennar Corporation and related entities for generating dust containing asbestos, hexavalent chromium, and other hazardous materials during construction of housing in Bayview Hunters Point).

Olson, et al. v. Sutter Health, No. RG06-302354 (Alameda County Superior Court) (class action under the ADA and California disability access laws resulting in a 10-year Consent Decree requiring Sutter Health to remediate architectural barriers, install accessible medical equipment, and enhance policies and procedures to ensure accessible services for persons with mobility, visual, hearing, or speech disabilities at all of its hospitals and clinics throughout Northern California).

Lane v. Tennessee, No. 3:98-0731 (M.D. Tenn.) (Americans with Disabilities Act case against State of Tennessee and various Tennessee counties for denying constitutionally guaranteed access to court proceedings to citizens with mobility impairments, resulting in architectural barrier removal from courthouses across the state of Tennessee); see 541 U.S. 509 (2004).

Butler v. Countrywide Home Loans, Inc., No. BC 268250 (Los Angeles County Superior Court) ($30 million class action under California wage and hour laws on behalf of "account executives" seeking overtime, meal period compensation, reimbursement of unlawfully deducted wages and other monetary relief).

Lin v. Siebel Software Systems, Inc., No. CIV 435601 (San Mateo County Superior Court) ($27.5 million class action under California wage and hour laws on behalf of software engineers, seeking unpaid overtime wages).

Lieber, et al. v. Macy's West, Inc., No. C96-02955 MHP and Camalo, et al. v. Macy's West, Inc., No. C98-2350 MHP (California statewide class actions under the Americans with Disabilities Act, California Unruh Civil Rights Act, and California Disabled Persons Act on behalf of persons with mobility disabilities, resulting in systemic injunctive relief requiring removal of architectural barriers at all Macy's stores in California and resulting in what was at the time the largest class fund in any disability rights public accommodation class action); see 80 F. Supp. 2d 1065 (N.D. Cal. 1999).

San Francisco BayKeeper v. Dow Chemical Company, No. C97-01988 (Safe Drinking Water and Toxic Enforcement Act of 1986 action to protect Contra Costa County water supply from discharges of carcinogens and reproductive toxins).

Citizens for a Better Environment v. Union Oil Co., Case No. C-94-0712 TEH (N.D. Cal.). See 861 F. Supp. 889 (N.D. Cal. 1994), aff'd, 83 F.3d 1111 (9th Cir. 1996), cert. denied, 519 U.S. 1101 (1997); 996 F. Supp. 934 (N.D. Cal. 1997) (citizens suit under the Clean Water Act to limit refinery discharges of selenium into San Francisco Bay). Listed as one of the year's top 10 environmental cases, California Lawyer Magazine, December 1995.

Citizens for a Better Environment v. Exxon Oil Co., Case No. CV-S-94-1151 GEB (E.D. Cal.) (citizens suit under the Clean Water Act to limit refinery discharges of selenium into San Francisco Bay).

Shores v. Publix Super Markets, No. 95-1162-CIV-T-25E (M.D. Fla.) (class action under Title VII challenging gender discrimination in defendant's job assignment, promotion, training and compensation practices, resulting in systemic improvements to job assignment and promotion procedures and more than $84 million in monetary relief); see 69 Empl. Prac. Dec. (CCH) ¶ 44,477, 87681 (M.D. Fla. 1996).

Butler v. Home Depot, No. C-94-4335 SI (N.D. Cal.) (class action under Title VII challenging gender discrimination in defendant's job application, assignment, promotion, training and compensation practices, resulting in systemic improvements to personnel practices and procedures and approximately $85 million in monetary relief); see 70 Fair Empl. Prac. Cas. (BNA) 51 (N.D. Cal. 1996); 984 F. Supp. 1257 (N.D. Cal. 1997).

Pines, AARP, et al. v. State Farm General Ins. Co., No. SA CV 89-631 (C.D. Cal.) (nationwide ADEA collective action).

Stender v. Lucky Stores, Inc. No. C-88-1467 MHP (N.D. Cal.) (Title VII class action alleging gender discrimination in initial job placement, allocation of hours, movement from part-time to full-time employment, and promotion, resulting in systemic improvements to personnel policies and practices and in excess of $60 million in monetary relief); see 803 F. Supp. 259 (N.D. Cal. 1992).

Kraszewski v. State Farm General Ins. Co., No. C 79-1261 TEH (N.D. Cal.) (statewide Title VII sex discrimination class action resulting in the hiring or promotion of women into 50% of agent positions and approximately $250 million in monetary relief); see 38 Fair Empl. Prac. Cas. (BNA) 197 (N.D. Cal. 1985).

Allison v. Citgo Petroleum Corp., No. 96-30489, 151 F.3d 402 (5th Cir. 1998) (counsel for plaintiffs/appellants in petition for rehearing en banc, which resulted in court of appeal modifying and clarifying its original opinion).

Ketchum v. Moses, 24 Cal. 4th 1122 (2001) (counsel for amici curiae Asian Law Caucus, East San Jose Community Law Center, Employment Law Center, La Raza Centro Legal, The Impact Fund, and Golden Gate University School of Law's Women's Employment Rights Clinic in appeal to California Supreme Court establish the availability of contingent risk multipliers to the prevailing party in actions under California fee shifting statutes).

Cortez v. Purolator Products Air Filtration Company, 23 Cal. 4th 163 (2000) (counsel for amici curiae Asian Law Caucus, East San Jose Community Law Center, Employment Law Center, La Raza Centro Legal, The Impact Fund, and Golden Gate University School of Law's Women's Employment Rights Clinic in appeal to California Supreme Court to determine method of calculating restitution and disgorgement, application of class certification procedures, defenses

and applicable statute of limitations in unlawful business practice cases under Cal. Business & Professions Code § 17200).

Crommie v. California Public Utilities Com'n, 840 F. Supp. 719 (N.D. Cal. 1994), aff'd in part sub. nom., Mangold v. Public Utilities Com'n., 67 F.3d 1470 (9th Cir. 1995) (counsel for amici curiae Employment Law Center, Equal Rights Advocates, Disability Rights Education Defense Fund, The Impact Fund, The Lawyers Committee for Civil Rights for the San Francisco Bay Area, and Mexican American Legal Defense and Education Fund regarding application of California substantive attorney's fees law to civil rights case filed in federal court).