FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (BOSTON) 5 PM 12: 18

CASE NO.: 1:21-cv-11080-RGS

U.S. DISTRICT COURT
DISTRICT OF MASS.

**MICHAEL MUEHE, et al.,**

    Plaintiffs.

v.

**CITY OF BOSTON,**

    Defendant.

_____/

### CLASS MEMBER COMPLIANCE WITH JUDGE STEARNS ORDER ENTERED 9/27/21 (D.E. 38) TO CERTIFY TO THE COURT I AM A MEMBER OF THE CLASS AND TO FURTHER COMPLY WITH FED. R. CIV P. 23(e)(5)

COMES NOW **WILLIAM NORKUNAS**, a qualified individual with a disability as defined under 42. U.S.C. §12102(2), a member of the class protected by the Americans with Disabilities Act, and timely files this compliance with the Courts September 27, 2021 order (D.E. 38).

1. **Member of the Class:**

    1.1  Mr. Norkunas was born in Lowell, Massachusetts.

    1.2  With Polio at age two, I was treated at the Boston Children's Hospital over the next 13 years. To this date, I have to wear a full-length metal leg brace, and have to use a mobility device (Scooter / Wheelchair) on a daily basis.

    1.3  I return often and have an intent to return regularly once the Covid 19 Pandemic is contained, and intend to relocate full time, and have begun a search for a place to live.

1.4   My wife is buried in Newton, MA, and I respectfully visit in remembrance.

1.5   I have extensive family relations residing in MA, and prior to the Pandemic, visited Massachusetts regularly.

1.6   I have been involved in more than 40 ADA cases before the Boston Federal Courts, both as a plaintiff and an ADA expert witness.

1.7   I had my standing affirmed by Judge Young at trial in case number 11-12183.

1.8   I believe my objections apply not only to myself, but to all members of the class.

2. **Objections**

2.1   All 58 million disabled persons will be harmed that reside in America and visit Boston.

2.2   I object to the filing under FRCP, Rule 23(b)(2).

2.3   No opt out provision applicable to this objector.

2.4   Forever barred.

2.5   Structured Negotiations.

2.6   Service awards / incentive awards are not appropriate under the ADA, and money damages not permitted. See *Johnson v NPAS Solutions, LLC.*, case number 18-12344 (11th Cir. 9/7/2020).

2.7   (Proposed) consent decree not in the best interests of the 58 million disabled people.

2.8   Injurious and harmful exceptions to barrier removal given to the City.

2.9 Far too much "escape from compliance language" in the proposed Consent Decree.

2.10 Lack of adequate, helpful, timely, and proper notice to the class.

2.11 Plaintiff's demand for legal fees is ridiculously high, diverting City funds that could otherwise be used to make the required ADA modifications.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via mail on October 4, 2021:

Linda M. Dardarian, Esq.
Raymond Wendell, Esq.
Goldstein, Borgen, Dardarain & Ho
*Attorneys for Plaintiffs*
300 Lakeside Drive, Suite 1000
Oakland, CA 94612

Timothy P. Fox, Esq.
Thomas P. Murphy, Esq.
Civil Rights Education and Enforcement Center
*Attorneys for Plaintiffs*
1245 E. Colfax Avenue, Suite 400
Denver, CO 80218

Adam N. Cederbaum, Esq.
City of Boston Law Department
*Attorneys for Defendant*
One City Hall Plaza, Room 615
Boston, MA 02201

_____
William J, Norkunas
Class member
2610 NW 51 Place
Ft. Lauderdale, FL 33309
Telephone: (954)-871-9733
Email: billnorkunas@adahelp.com