IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL MUEHE, ELAINE HAMILTON, CRYSTAL EVANS, and COLLEEN FLANAGAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BOSTON, a public entity,<br><br>Defendant. | Case No. 1:21-cv-11080-RGS<br><br>**DECLARATION OF LINDA M. DARDARIAN IN SUPPORT OF PLAINTIFFS' MOTION TO REQUIRE POSTING OF AN APPEAL BOND** |

I, Linda M. Dardarian, hereby declare:

1. I am a member in good standing of the Bar of the State of California and a partner at the law firm of Goldstein Borgen Dardarian & Ho ("GBDH"), in Oakland, California. I am co-lead counsel for Plaintiffs and the certified Class, and I am providing this declaration of counsel in support of Plaintiffs' Motion to Require Posting of an Appeal Bond. I have personal knowledge of the facts set forth in this declaration and could and would testify competently to them.

2. In this Motion, Plaintiffs request the Court to require Objector William Norkunas post a bond of **$88,866.50** as security for Plaintiffs' appellate costs, including attorneys' fees pursuant to Federal Rule of Appellate Procedure 7, which are likely to be taxed to the appellant upon the conclusion of his appeal. Plaintiffs request that this bond secure a conservative estimate of the costs and attorneys' fees GBDH and co-counsel at Fox & Robertson (formerly of the Civil Rights Education and Enforcement Center ("CREEC")) and Disability Law Center-Massachusetts ("DLC") will incur to defend the Court's approval of this class action settlement with the City of Boston against Mr. Norkunas's meritless attack. If Plaintiffs-Appellees are the prevailing party in this appeal, they will be entitled to recover their appellate "costs" from the

1

Objector-Appellant pursuant to Federal Rules of Appellate Procedure 7 and 39. Because this case is brought under disability civil rights statutes that include fee-shifting provisions, including one that explicitly defines "costs" to include attorneys' fees, Plaintiffs-Appellees will also be entitled to recover their attorneys' fees under the lodestar method if they prevail on appeal. Rehabilitation Act of 1973, 29 U.S.C. § 794a(b); Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12205.

3. Plaintiffs are filing this motion after fulfilling the meet and confer obligation set forth in Massachusetts District Court Local Rule 7.1(a)(2).

4. Plaintiffs' counsel have detailed their background, experience, and reasonableness of their hourly rates in declarations supporting the Plaintiffs' Motion for Attorneys' Fees, Costs and Expenses. ECF Nos. 26, 27, 28. In its Memorandum and Order on Plaintiffs' Motion, this Court found that "Plaintiffs have demonstrated the reasonableness of their counsel's rates" (ECF No. 68 at 11) and agreed with Plaintiffs that their rates "are reasonable and do not exceed those of attorneys with commensurate skill, experience, and reputation in the Boston market." ECF No. 68 at 10. The Court's Order considered rates that were reasonable in 2021. By the time this appeal concludes, Class Counsel's rates will have increased to compensate for inflation and other increased costs of doing business in 2022.

5. For the purposes of securing an appeal bond, I have calculated a conservative estimate of the attorneys' fees Plaintiffs-Appellees will incur in defending Mr. Norkunas' appeal by multiplying the Court-approved 2021 hourly rates for Class Counsel by an estimate of the reasonable number of hours that Plaintiffs-Appellees will spend doing legal research, drafting, and arguing against the appeal, among other tasks. Defending this appeal will involve, at a minimum: preparing for and participating in a court-mandated settlement conference, researching and drafting a moving for summary disposition, researching and drafting Plaintiffs'-Appellees' briefing, and preparing for and participating in any hearings.

6. Based on my experience with appeals of class action settlements and in litigating motions in complex litigation for more than 30 years, I estimate that at minimum the tasks listed

846382.5

in paragraph 5, above, will require 100 hours of associate time, 50 hours of partner-level time, and 30 hours of paralegal time. I have used a blend of Mr. Wendell's 2021 Court-approved billing rate of $495 per hour and a lower ($415 per hour) rate for a less experienced associate to determine a rate of $460 per hour for estimating the attorneys' fees for associate work on the appeal. Because we have not yet determined ongoing assignments on the appeal, I used a blend of the Court-approved 2021 billing rates for Mr. Fox ($725 per hour), Mr. Murphy ($500 per hour) and myself ($795 per hour) to determine a partner-level rate of $673.33 per hour, even though it is highly likely that most of the partner-level work will be performed at my hourly rate. Similarly, I used a blend of the Court-approved 2021 paralegal rates ($255 and $225 per hour) to determine a paralegal rate of $240 per hour.

7. Using those figures, the very conservative estimate of Class Counsel's lodestar for work opposing Mr. Norkunas's appeal is **$86,866.50**. This represents the sum of associate lodestar (100 hours x $460 per hour = $46,000), partner-level lodestar (50 hours x $673.33 per hour = $33,666.50), and paralegal lodestar (30 hours x $240 per hour = $7,200). In all likelihood, the attorneys' fees that they will incur will be significantly higher, but for purposes of this bond motion only, Plaintiffs-Appellees are providing an estimate that they realize is low.

8. Plaintiffs-Appellees will incur at least another **$2,000.00** in out-of-pocket expenses for electronic legal research, court filing fees, printing, conference calls, and other litigation expenses. If the Court of Appeals schedules an in-person hearing, Plaintiffs'-Appellees' costs will be significantly greater because they will incur significant travel expenses.

9. Class Counsel will keep accurate, detailed, contemporaneous records of the time we will spend on this appeal, by biller. At the conclusion of the appeal, if Plaintiffs-Appellees are successful, we will move for an award of the attorneys' fees and costs we actually incur, and at reasonable hourly rates for each biller that are current at the time of the motion.

10. Class Counsel will maintain efficient and reasonable staffing of the case. Class Counsel will share the workload and make every effort to avoid unnecessary duplication of work. Attorneys will focus on work that is appropriate to their level of experience and billing

3

rates, with associates doing most of the legal research and drafting of Plaintiffs'-Appellees' briefing.  Tasks will be assigned to the lowest appropriate biller.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and this Declaration was executed on January 14, 2022 in Oakland California.

                                               */s/Linda M. Dardarian*
                                              Linda M. Dardarian

846382.5

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated on the NEF as non-registered participants on January 14, 2022.

                                                                    /s/ *Linda M. Dardarian*
                                                                     Linda M. Dardarian

846382.5