IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL MUEHE, et al.,<br><br>  Plaintiffs,<br><br>vs.<br><br>CITY OF BOSTON,<br><br>  Defendant. | Case No. 1:21-cv-11080-RGS |

## AMENDED CERTIFICATION OF WILLIAM NORKUNAS

My name is William Norkunas and I hereby certify as follows:

1. I have been disabled for 72 years, since contracting Polio as a child.

2. I was born in Massachusetts, lived there for 31 years, moved for health reasons, and still return to the area quite frequently – I am not an outsider, my ties to the city of Boston and the surrounding community remain strong.

3. For the sake of brevity, I repeat and incorporate all statements and assertions made in my previous declaration under Docket Entry #42.

4. I have been a disabled rights advocate for nearly my entire life and have fought tirelessly against discrimination and prejudice.

5. I am a social security recipient. If forced to post a bond to move forward with my appeal, then I will be forced to drop my objection; I cannot afford any amount close to what is being demanded of me.

6. This appeal, on my behalf, is ideological. I too have suffered discrimination and injury by the lack of access within the City of Boston, but I oppose the settlement because its grants the city immunity against any future suit – at the cost of the disabled individual.

7.     The agreement gives the City of Boston too much time and discretion as to repairs; a disabled individual in Roxbury now has no rights – she would be at the mercy of the city and class-action lawyers half a world away.

8.     This agreement is unconscionable, insofar as it allows the city even longer than it previously promised to fix the curb ramps.

9.     The class action attorneys in this case operated and investigated for over a year without even having a client/named plaintiff – this creates the strong inference that this case is about attorneys' fees and not civil rights. The billing records indicate that the class action lawyers began logging their time on February 19, 2017; there is not mention of any potential client until March 9, 2018.

10.    The class action counsel operated with a lack of candor by not informing the court of contrary legal authority of well-established ADA cases.

11.    Although they are experienced class-actions attorneys, who reaped a $16 million pay day from the City of Los Angeles, they still attempted to enter into this agreement in the dark without giving notice to the proper parties.

12.    The only issues which differ in this case from a standard consent decree are the inflated attorneys' fees and the blanket immunity for the City of Boston.

13.    I strongly suggest that once the check has cleared Plaintiff's counsel will not care about plight of disabled persons in Roxbury, Jamaica Plain, or Hyde Park and they will not continue to advocate on their behalf.

14.    Due to the foregoing reasons, I ask that the Plaintiffs' motion be denied so that my appeal may be heard by the 1st Circuit.

I declare or certify, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct to the best of my knowledge and belief.

Date: January 28, 2022                        <u>*/s/ William Norkunas*</u>
                                                William Norkunas