UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 21-11080-RGS

MICHAEL MUEHE, ELAINE HAMILTON,
CRYSTAL EVANS, and COLLEEN FLANAGAN

v.

CITY OF BOSTON

MEMORANDUM AND ORDER ON PLAINTIFFS'
MOTION TO REQUIRE POSTING OF AN APPEAL BOND

February 1, 2022

STEARNS, D.J.

On November 2, 2021, the court entered a final judgment and order approving a class action settlement that will provide extensive injunctive relief – on an ambitious yet realistic schedule – to individuals with mobility disabilities who have been denied equal access to the City of Boston's pedestrian right of way because of deficient or missing curb ramps. Class member William Norkunas objected to the proposed settlement and now appeals the court's decision to the First Circuit.

Currently before the court is plaintiffs' motion to require Norkunas to post an appeal bond of $88,866.50 pursuant to Federal Rule of Appellate Procedure 7, claiming that such a bond will secure some of the costs that

plaintiffs will incur in defending Norkunas's appeal.  For the reasons that follow, the court grants plaintiffs' motion but reduces the bond amount to $44,433.25.

## DISCUSSION

Plaintiffs argue that a Rule 7 bond is necessary to ensure that Norkunas will pay plaintiffs' costs, including their attorneys' fees, in defending against Norkunas's frivolous appeal.  Norkunas counters that his appeal is not frivolous and suggests, without evidence, that plaintiffs' motion is an act of retaliation against him.  The court concurs with plaintiffs.

Rule 7 of the Federal Rules of Appellate Procedure provides that, "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal."  "[A] Rule 7 bond may include appellate attorneys' fees if the applicable statute underlying the litigation contains a fee-shifting provision that accounts for such fees in its definition of recoverable costs and the appellee is eligible to recover them."  *Int'l Floor Crafts, Inc. v. Dziemit*, 420 Fed. App'x. 6, 17 (1st Cir. 2011).  As relevant here, both the Rehabilitation Act of 1973 and the Americans with Disabilities Act (ADA) provide that a prevailing party is entitled to "a reasonable attorney's fee" as part of the party's recoverable costs.  *See* 29 U.S.C. § 794a(b); 42 U.S.C. § 12205.

"The determination of the nature and amount of the bond is a matter best left to the sound discretion of the district court." *Sckolnick v. Harlow*, 820 F.2d 13, 15 (1st Cir. 1987).  That said, the district court must be mindful so as not to "effectively immunize its decisions by declaring any appeal frivolous." *Hill v. State Street Corp.*, 794 F.3d 227, 230 (1st Cir. 2015).  In the class action context, "[r]equiring objectors to post a bond will ensure that a class litigating a frivolous appeal will not be injured or held up by spoilers." *In re Pharm. Indus. Average Wholesale Price Litig.*, 520 F. Supp. 2d 274, 278 (D. Mass. 2007).

Here, any argument Norkunas seeks to advance on appeal will be frivolous.  Pursuant to Federal Rule of Civil Procedure 23(e), a class member's objections to a proposed settlement must "state with specificity the grounds on which they are based."  It follows then that an objector to a class action settlement is only "allowed to appeal that aspect of the [d]istrict [c]ourt's order that affects him – the [d]istrict [c]ourt's decision to disregard his objections." *Devlin v. Scardelletti*, 536 U.S. 1, 9 (2002).  The court agrees with plaintiffs that both Norkunas's written objections, *see* Dkt # 42 at 2-3, and verbal statements at the Fairness Hearing failed to articulate any

colorable arguments that would raise a recognizable basis for an appeal.[1] *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). Further, any arguments that Norkunas belatedly raised after the Fairness Hearing – or, indeed, for the first time on appeal – are not timely and thus are waived. *See Teamsters Union, Local No. 59 v. Superline Transp. Co.*, 953 F.2d 17, 21 (1st Cir. 1992) ("If any principle is settled in this circuit, it is that, absent the most extraordinary circumstances, legal theories not raised squarely in the lower court cannot be broached for the first time on appeal.").

Nevertheless, the court concludes that the two issues Norkunas has signaled he is likely to appeal – (1) the adequacy of the City's issuance of notice under the Class Action Fairness Act (CAFA) and (2) plaintiffs' Article III standing – would be fruitless even if they had been properly preserved. Technical delays in a defendant's CAFA notice to state and federal officials are excusable so long as "the substance of the requirements have been

---

[1] Norkunas's oft-repeated refrain that he was unable to fully develop the basis of his objections because he was limited to five minutes of speaking time at the Fairness Hearing is belied by the fact that (1) he was given an opportunity to present his objections in written form prior to the hearing and (2) the court allowed Norkunas to speak uninterrupted at the hearing for nearly twenty minutes.

satisfied insofar as giving [those] officials sufficient notice and opportunity to be heard." *In re Processed Egg Prod. Antitrust Litig.*, 284 F.R.D. 249, 258 n.12 (E.D. Pa. 2012); *see Jakosalem v. Air Serv. Corp.*, 2015 U.S. Dist. LEXIS 117235, at *2-3 (N.D. Cal. Sept. 2, 2015) ("Courts have found that CAFA's notice requirements have been substantially complied with when the relevant state and federal officials have had 90 days to review the proposed settlement, even when notice was sent out late.").  Substantial compliance in such cases has been achieved where final implementation of the class action settlement is held in abeyance to allow the defendant time to issue notice to the relevant state and federal officials.  *See In re Processed Egg Prod. Antitrust Litig.*, 284 F.R.D. at 258 n.12.  Here, the court granted the parties' request for a temporary suspension of the implementation of the consent decree so that the City could provide proper CAFA notice.  *See* Dkt # 71.  The City sent notice to the necessary state and federal authorities on November 19 and 22, 2021, respectively, and the court's final order approving the settlement will be held in abeyance until the statutory 90-day period for objections passes.  If this period passes without objection from state or federal agencies, the City will have substantially complied with its notice requirements as prescribed under CAFA.

Norkunas's standing arguments – namely, that plaintiffs did not properly allege injury and that plaintiffs do not have standing under the ADA or Section 504 to seek injunctive relief because they did not encounter every sidewalk corner in the city – are equally without merit.  First, the Complaint, coupled with named plaintiffs' declarations, recounts numerous injuries suffered by named plaintiffs because of the City's noncompliant curb ramp policy and details how this noncompliance harms the entire class.  Second, there is no requirement that named plaintiffs must encounter every barrier challenged in an ADA class action suit to have standing.  To the contrary, courts have found Article III standing for plaintiffs with disabilities in ADA suits against municipalities where the "barriers [plaintiffs] encountered prevented [them] from benefitting from the same degree of access as a person without a mobility disability."  *Kirola v. City and Cty. of San Francisco*, 860 F.3d 1164, 1175 (9th Cir. 2017).   This standard has undoubtedly been met here.  Norkunas's insistence that "the claims of the class representative [must] be in all respects identical to those of each class member in order to establish standing . . . 'confuse[s] the requirements of Article III and Rule 23.'"  *In re Asacol Antitrust Litig.*, 907 F.3d 42, 49 (1st Cir. 2018), quoting *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 421 (6th Cir. 1998).

6

Having determined that a Rule 7 bond is necessary to ensure that Norkunas will reimburse plaintiffs for the cost of defending against his frivolous appeal, the court now considers the bond amount sought by plaintiffs: $88,866.50.  In so doing, the court acknowledges the First Circuit's warning that "[a]llowing district courts to impose high Rule 7 bonds . . . risks impermissibly encumber[ing] appellants' right to appeal and effectively preempt[ing] [the First Circuit's] prerogative to make its own frivolousness determination."  *Hill*, 794 F.3d at 230, quoting *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 961 (9th Cir. 2007).  Thus, by balancing Norkunas's statements concerning his financial limitations, *see* Norkunas Decl. (Dkt # 85) ¶ 5, with plaintiffs' anticipated financial burden in defending against a frivolous appeal, the court concludes that half of plaintiffs' sought bond amount – $44,433.25 – is appropriate here.

### ORDER

Plaintiffs' motion to require posting of an appeal bond is <u>GRANTED-IN-PART</u>.  Norkunas has until February 15, 2022, to post a bond in the amount of $44,433.25 to secure costs, including attorney's fees, that will be payable to plaintiffs should they prevail on appeal.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

7