UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 21-11080-RGS

MICHAEL MUEHE, ELAINE HAMILTON,
CRYSTAL EVANS, and COLLEEN FLANAGAN,
on behalf of themselves and all others similarly situated

v.

CITY OF BOSTON

MEMORANDUM AND ORDER ON PLAINTIFFS'
MOTION FOR FEES, COSTS, AND EXPENSES

August 28, 2024

In June of 2021, plaintiffs, a class of Boston residents and visitors with mobility challenges, sued the City of Boston, claiming that it had failed to install curb ramps that comply with the Uniform Federal Accessibility Standards in violation of Title II of the Americans with Disability Act (ADA), 42 U.S.C. §§ 12101 *et seq.*, and § 504 of the Rehabilitation Act, 29 U.S.C. §§ 794 *et seq.* The parties quickly negotiated an impressive settlement agreement, the terms of which were memorialized in a Consent Decree. As relevant here, the Consent Decree requires the City to pay plaintiffs' counsels' "fees, costs, and expenses incurred for work performed through the Effective Date" to the extent they are awarded by the court. Dkt. # 12-2 (Consent Decree) ¶ 19. The Consent Decree defines "Effective

Date" as "the date upon which the Consent Decree becomes a final judgment of the District Court presiding over this Action," meaning, if an appeal is filed, "when the appeal is finally adjudicated or resolved in favor of affirming the approval of the Consent Decree." *Id.* ¶ 1.10.

Before the court approved the settlement, putative class member William Norkunas timely filed an objection. *See* Dkt. # 37. On October 19, 2021, the court approved the settlement over Norkunas's objection and awarded plaintiffs' attorneys' fees and expenses totaling $680,020.56. *See* Dkt. # 68. Norkunas twice unsuccessfully moved to alter the judgment and thereafter appealed. While the appeal was pending, plaintiffs asked the court to require Norkunas to post an appeal bond, arguing that although the appeal "will plainly be baseless," litigating the appeal would be expensive. Dkt. # 80 at 2. Plaintiffs sought a bond of $88,866.50, which they represented to be a "conservative estimate of some of the costs and the amount of attorneys' fees that will be collectable by the Plaintiffs upon defeat of Mr. Norkunas's appeal." *Id.* at 15. Norkunas moved to stay the bond pending an order of the First Circuit, which the court allowed.

Because the interests of plaintiffs and the City were aligned, they agreed that plaintiffs' counsel would take the laboring oar in the litigation. *See* Pls.-Appellee's Mot. for Att'ys' Fees, Costs, & Expenses Assessed

2

Against Def.-Appellee City of Boston (Mot.) (Dkt. # 101-1) at 8. Plaintiffs' counsel handled all of the briefing on the appeal, including drafting a summary disposition motion and a merits opposition brief. *Id.* at 3. The First Circuit affirmed the court's approval of the settlement, and plaintiffs moved for an award of $315,923,43[1] in fees, costs, and expenses for litigating the appeal, which the First Circuit remitted to this court. *See* Dkt. # 101. For the reasons that follow, the court will allow plaintiffs' motion for attorneys' fees, costs, and expenses, although it will significantly trim the requested award.

## DISCUSSION

Plaintiffs have two arguments for why fees should be awarded against the City: (1) the Consent Decree requires the City to pay fees through the final adjudication of any appeal, and (2) because plaintiffs are the prevailing party, they are entitled to compensation pursuant to the fee shifting provisions of the ADA and Rehabilitation Act. Because the court

---

[1] When plaintiffs' counsel initially sought the fee and expense award before the First Circuit in March of 2023, they requested $303,419.25. Mot. at 1. They subsequently revised the request to $289,434.64. *See* Pls.-Appellee's Reply in Supp. of Mot. for Att'ys' Fees, Costs & Expenses (Dkt. # 101-3) at 14. Without explanation, they have abandoned this revised request here and instead seek an award that reflects interest on the originally requested $303,419.25. *See* Pls.' Supp. Br. on Mot. for Appellate Att'ys' Fees, Costs, & Expenses (Supp. Mot.) (Dkt. # 109) at 10.

3

agrees that the Consent Decree requires the City to pay plaintiffs' counsels' fees, it will grant an award without reaching the statutory issue.

The court interprets the Consent Decree in accordance with familiar canons of contract interpretation. *Smart v. Gillette Co. Long-Term Disability Plan*, 70 F.3d 173, 178 (1st Cir. 1995). Thus, where the terms of the Consent Decree are unambiguous, they are given their "plain, ordinary, and natural meaning." *Filiatrault v. Comverse Tech., Inc.*, 275 F.3d 131, 135 (1st Cir. 2001). The parties both argue that the attorneys' fees provision of the Consent Decree is unambiguous, but they press materially different interpretations. According to plaintiffs, because the Consent Decree provides that the City will pay attorneys' fees "for work performed through the Effective Date," and the Effective Date is defined as "when [any] appeal is finally adjudicated or resolved in favor of affirming the approval of the Consent Decree," the City must pay their fees for litigating Norkunas's appeal. Mot. at 11. For its part, the City claims that the Consent Decree permits plaintiffs' counsel to seek fees only once; because they already sought and received a fee award, they cannot now get a second bite at the apple. Alternatively, says the City, if the provision is ambiguous, it should be interpreted consistent with the entire Consent Decree. As the City was required to begin installing and updating curb ramps when the court

4

approved the Consent Decree, the "Effective Date" for attorneys' fees should also be the date of final approval.

The court agrees that the clause is unambiguous, and it finds that plaintiffs' reading is the correct one. As noted, the Consent Decree requires the City to pay "reasonable attorneys' fees, costs, and expenses awarded by the District Court in connection with this matter *incurred up to the Effective Date*." Consent Decree ¶ 19 (emphasis added). The plain language of the provision does not limit plaintiffs to one fee award. Nor does the following sentence – which states that "[n]o additional amounts shall be owed to Plaintiffs or their Counsel in attorneys' fees, expenses, or costs for time or expenses incurred up to the Effective Date," *see id*. – change the meaning. The natural reading of this modifier is that the City will not owe plaintiffs' counsel any amount above what the court awards, not that the court may only award fees once.[2]

The court does agree with the City, however, that plaintiffs' counsels' hours are unnecessarily inflated. Plaintiffs' counsel billed 626.6 hours (equivalent to over 15-and-a-half 40-hour weeks) litigating an appeal that

---

[2] Even if the attorneys' fees provision was ambiguous (and it is not), the City's alternative argument is unsuccessful. The City was required to begin installing and updating curb ramps upon final approval because the Consent Decree was binding on the City "upon final approval." Consent Decree ¶ 14.12. But the attorneys' fees provision requires payment for work done through the Effective Date.

they argued from the beginning was "meritless," "baseless," and "imminently likely to fail." *See* Dkt. # 80 at 8, 11, 14.  The amount of the bill is particularly discordant given plaintiffs' counsels' preliminary estimate that the appeal would cost less than one-third of what they now seek.  The issues argued on appeal – waiver, the adequacy of the settlement, and standing – were not complex given the record, the facial inadequacy of Norkunas's objections, and plaintiffs' counsels' extensive experience as ADA attorneys.  For example, one need not scour the Federal Reporter to find ample cases supporting the indubitable proposition that arguments not raised or raised only in a perfunctory manner before a district court are waived on appeal.  *See, e.g.*, *Abdallah v. Bain Cap. LLC*, 752 F.3d 114, 120 (1st Cir. 2014); *McCoy v. Mass. Inst. of Tech.*, 950 F.2d 13, 22 (1st Cir. 1991).

No doubt, plaintiffs' counsel litigated the appeal well and gave their best effort to enforce the settlement on appeal.  But it is perplexing how the same counsel who was able to negotiate a significant and complex settlement in 1,401 hours took 626.6 hours to litigate a "baseless" appeal.  The court will thus award plaintiffs' counsel their initial estimated fees, costs, and expenses of $88,866.50, comprised of $86,866.50 in fees and $2,000.00 in costs.  The majority rule is that interest on a fee award

6

accrues "from the date of the judgment that unconditionally entitles the prevailing party to reasonable attorney fees." *Assoc. Gen. Contractors of Ohio, Inc. v. Drabik*, 250 F.3d 482, 486-487 (6th Cir. 2001); *see also Foley v. City of Lowell*, 948 F.2d 10, 21 (1st Cir. 1991). Pursuant to the Consent Decree, plaintiffs' counsel was unconditionally entitled to attorneys' fees when the First Circuit affirmed the settlement. Thus, the court will award postjudgment interest on the award calculated from November 21, 2022.

## ORDER

For the foregoing reasons, plaintiffs' motion for attorneys' fees, costs, and expenses is <u>ALLOWED</u>. The Clerk will enter an award of attorneys' fees, costs, and expenses in the amount of $88,866.50 and postjudgment interest, applying the federal interest rate to the entire judgment from November 21, 2022 to the date of this Order.

SO ORDERED.

/s/ Richard G. Stearns  
UNITED STATES DISTRICT JUDGE